**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted October 2, 2008[*]

Decided October 9, 2008

### Before

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-2140

MARTIN V. KIESEWETTER,
　　*Plaintiff-Appellant*,

　　　　*v.*

CATERPILLAR INC.,
　　*Defendant-Appellee*.

Appeal from the United States District Court for the Central District of Illinois.

No. 06-1299
Michael M. Mihm, *Judge*.

### Order

Caterpillar fired Martin Kiesewetter in 2005 after he behaved unacceptably at a training session. Kiesewetter attributes his words and actions to the manic phase of his bipolar disorder and contends that the Americans with Disabilities Act required Caterpillar to accommodate his conduct by tolerating it. The district court granted summary judgment to Caterpillar, finding that Kiesewetter's mental condition is not a "disability" as the ADA uses that term. The district judge did not reach other questions, such as whether Kiesewetter is "qualified" if he cannot meet the employer's legitimate expectations about conduct toward superiors and co-workers.

After the district court entered its judgment, Congress amended the ADA's definition of "disability." See §3 of the ADA Amendments Act of 2008 (Sept. 25, 2008). Section 8 of this statute provides that the legislation's effective date is January 1, 2009, so it does not apply to this appeal. We use the laws and interpretations that were in force when the complained-of acts occurred. See *Landgraf v. USI Film Products*, 511 U.S. 244 (1994).

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

A "disability" is a "physical or mental impairment that substantially limits one or more of the major life activities". 42 U.S.C. §12102(2)(A). Bipolar disorder is a mental impairment, but the district judge concluded that the record did not create a material dispute about whether it had substantially limited any of Kiesewetter's major life activities. He contends that the condition limits sleeping and working. Effects on sleep may be granted, but the judge found that these effects are mild (i.e., not "substantial" limitations) and did not bear any causal connection to Kiesewetter's difficulties at work. Kiesewetter points to a letter from his physician saying that sleep disorders *can* cause problems at work, but no evidence in this record implies that they *did* cause problems for Kiesewetter in particular.

As for working: We shall assume, as we have done before, that "working" was a major life activity under the pre-amendment version of the ADA. See *Squibb v. Memorial Medical Center*, 497 F.3d 775, 781 (7th Cir. 2007). (The 2008 amendments specify that "working" is among the covered "major life activities".) A substantial limitation means "inability to work in a broad range of jobs, rather than a specific job." *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 200 (2002); see also 29 C.F.R. §1630.2(j)(3). Kiesewetter contends that his bipolar disorder prevents him from working as an engineer at Caterpillar but has never tried to show that it prevents him from working at a "broad range of jobs". Bipolar disorder can be more or less severe. People with less severe manifestations of this disorder, which afflicts approximately 1% of the population, hold many different jobs across the economy. To prevail in this suit, Kiesewetter had to show that his condition is sufficiently severe that he is unable to work in a broad range of jobs, yet sufficiently mild that he is "qualified" to perform his duties at Caterpillar. He has not produced evidence from which a reasonable jury could find in his favor on these subjects.

Kiesewetter contends on appeal that he was fired, not because of his condition, but because of Caterpillar's misapprehensions about bipolar disorder. He did not make such an argument in the district court, however, so this contention has been forfeited.

AFFIRMED